IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE:<br><br>ROADMARK CORPORATION,<br><br>    DEBTOR | CASE NO. 15-00432-5-DMW<br>CHAPTER 11 |
| **Emergency Motion For Order Under Section 366 Of The Bankruptcy Code (A) Prohibiting Utility Providers From Altering, Refusing Or Discontinuing Service, (B) Approving Deposit As Adequate Assurance Of Payment, And (C) Establishing Procedures For Determining Adequate Assurance Of Payment** | |

      NOW COMES Roadmark Corporation (the "Debtor") and moves the Court pursuant to §§ 105(a) and 366 of the Bankruptcy Code and Rule 9013 of the Federal Rules of Bankruptcy Procedure as follows:

      1.    On January 26, 2015 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. The Debtor continues in possession of its assets as debtor-in-possession. No official committee of unsecured creditors has been appointed.

      2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, and this matter is a core proceeding under 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

      3.    The Debtor is a North Carolina corporation with a principal place of business at 900 East C Street, Butner, North Carolina.

      4.    As of the Petition Date, the Debtor received services from the following utility companies (collectively, the "Utility Providers") in connection with their business operations:

| Utility Provider | Utility Service | Average monthly bill |
|---|---|---|
| Dominion Virginia Power | Electric | $650 |
| Prince William County Service Authority | Water and Sewer | $132 |
| Public Service of NC | Gas | $404 |
| South Granville Water | Water and Sewer | $500 |
| SC Electric & Gas | Electric | $1,425 |

| Duke Energy | Electric | $1,550 |
| Duke Energy | Electric | $1,550 |
| City of Columbia | Water and Sewer | $125 |
| Time Warner Cable | Internet | $87 |
| Windstream Communications | Telephone & Internet | $3,000 |
| Sprint Corporation | Cell Phone | $2,000 |
| Frontier Communications | Telephone | $90 |

5. Prior to the Petition Date, the Debtor made timely payments to the Utility Providers. However, as of the Petition Date, the Debtor has outstanding invoices and/or accrued charges which have not yet been invoiced for services provided by each Utility Provider which remain unpaid.

6. Because uninterrupted utility services from the Utility Providers are critical to the Debtor's ongoing operations, the Debtor seeks the entry of an order: (a) prohibiting the Utility Providers from altering, refusing, or discontinuing services on account of unpaid prepetition invoices; (b) providing that the Utility Providers have adequate assurance of payment as set forth herein; (c) establishing procedures for determining requests for additional adequate assurance of payment, including, if necessary, the filing of a motion for determination of adequate assurance of payment (the "Determination Motion") and the scheduling of any hearing on the Determination Motion ("Determination Hearing"); (e) providing that any Utility Provider that does not timely request additional adequate assurance of payment, as provided herein, shall be deemed to have adequate assurance; and (f) providing that, in the event a Determination Motion is filed or a Determination Hearing is scheduled, any objecting Utility Provider shall be deemed to have adequate assurance of payment until an order is entered in connection therewith.

7. To provide adequate assurance of payment for future services to the Utility Providers, the Debtor offers the following:

   a. The Utility Provider may retain possession of any prepetition deposit to secure any outstanding charges accrued as of the Petition Date, and any remaining balance may secure post-petition charges.

   b. The Debtor will also make a post-petition deposit with each Utility Provider in an amount equal to twice the average monthly bill shown above.

      c.      The Debtor contends that the foregoing constitutes adequate assurance of future payment to the Utility Providers pursuant to §366 of the Code.

8.      In the event any Utility Provider determines that the adequate assurances set forth herein are not satisfactory, then the Debtor proposes that any such disputes be resolved pursuant to the following procedures:

      a.      If the Utility Provider is not satisfied with the assurance of future payment provided by the Debtor herein, the Utility Provider must serve a written request for adequate assurance ("Written Request") on counsel for the Debtor which provides the following: (i) the outstanding balance of the Debtor's account; (ii) a summary of the Debtor's payment history on the account; (iii) what the Utility Provider would accept as satisfactory adequate assurance of payment; and (iv) and explanation of why the Utility Provider believes that the proposed adequate assurance arrangements are inadequate.

      b.      The Written Request must be received by counsel for the Debtor within thirty (30) days after the Petition Date ("Request Deadline").

      c.      Without further order of the Court, the Debtor may enter into agreements granting additional adequate assurance to the Utility Provider serving a Written Request, if the Debtor determines that the Written Request is reasonable.

      d.      If the Debtor believes that a Written Request is unreasonable, then within thirty (30) days after the Request Deadline, the Debtor shall file a Determination Motion seeking a determination as to adequate assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Provider may not alter, refuse, or discontinue services to the Debtor.

9.      The relief requested and procedures established herein balance the rights of the Utility Providers and the rights of the Debtor given the Debtor's dependence upon the services provided by the Utility Providers in the operation of its business. The Utility Providers will not be prejudiced by the relief proposed herein.

Wherefore, the Debtor prays the Court for the following relief:

1.      Enter an order granting the relief requested herein.

2.      Such other relief as the Court deems necessary and proper.

RESPECTFULLY submitted on behalf of the Debtors, this the 26th day of January, 2015.

/s/John A. Northen

**Counsel for the Debtors:**
John A. Northen, NCSB #6789
jan@nbfirm.com
Vicki L. Parrott, NCSB #25449
vlp@nbfirm.com
John Paul H. Cournoyer, NCSB #42224
jpc@nbfirm.com
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone:  919-968-4441