IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| IN RE:<br><br>ROADMARK CORPORATION,<br><br>  DEBTOR | CASE NO. 15-00432-5-DMW<br>CHAPTER 11 |
|---|---|
| Emergency Motion for Authorization to Obtain Post-Petition Financing ||

NOW COMES Roadmark Corporation (the "Debtor") and moves the Court pursuant to § 364 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure as follows:

1. On January 26, 2015 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code.  The Debtor continues in possession of its assets as debtor-in-possession. An official committee of unsecured creditors (the "Committee") has been duly appointed.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, and this matter is a core proceeding under 28 U.S.C. §157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3. In connection with its business operations, the Debtor obtained loans from DSCH Capital Partners, LLC, d/b/a Far West Capital ("Far West" and the "Far West Credit Facility") and PMC Financial Services Group, LLC ("PMC" and the "PMC Credit Facility"), each of whom have security interests in the Debtor's accounts receivable and inventory as well as other collateral.

   a. Far West asserts a first priority security interest in the Debtor's accounts receivable and inventory, and a second priority security interest in the Debtor's equipment, certain vehicles, and other tangible and intangible assets. The amount outstanding on the Far West Credit Facility as of the Petition Date was approximately $1,936,845.

   b. PMC asserts a first priority security interest in the Debtor's equipment, certain vehicles, and other tangible and intangible assets, and a second priority security interest in the Debtor's accounts receivable and inventory. The amount outstanding on the PMC Credit Facility as of the Petition Date was approximately $3,464,667.

    c.    The liens granted to PMC and Far West, respectively, are subject to the terms and conditions of the mutual lien and subordination agreement dated as of July 9, 2014 between PMC and Far West.

4.    The Court entered Orders on February 5, 2015 (Dkt. No. 81), on February 25, 2015 (Dkt. No. 138), on March 10, 2015 (Dkt. No. 167), on April 9, 2015 (Dkt. No. 210), on April 16, 2015 (Dkt. No. 226), and on April 29, 2015 (Dkt. No. 245, collectively the "Cash Collateral Orders") authorizing on an interim basis the Debtor's use of cash collateral as set forth therein. Far West has not consented to the further use of Cash Collateral, except in conjunction with approval of the post-petition financing summarized below.

5.    The Debtor will need continued use of cash collateral and the post-petition financing offered by Far West to pay on-going costs of operating, insuring, preserving, and protecting the business and property of the estate pending consideration of a plan of reorganization.

6.    The Debtor is unable to obtain unsecured credit or credit secured only by a junior lien from any other source, and the Debtor is able to obtain financing from Far West only because the financing is necessary to preserve the Debtor's business as a going concern and upon the terms and conditions set forth below.

    a.    Far West will advance up to 85% of Eligible Receivables (an "Advance"). Eligible Receivables will be those dated after 4/21/2015 with the same definition as in the current Far West Facility except that there will be no cross aging exclusion across projects. Advances will be disbursed as set forth below.

    b.    In addition to the invoices that Roadmark generates to documents Advances, Roadmark will provide a Bill of Materials (a "BOM") that will identify the value of materials used for the work on the invoice, the identity of the material supplier and whether the materials came from inventory held by Roadmark at 4/21/2015 ("Old Inventory").

        i.    If the BOM indicates material costs are for Old Inventory, 30% of the invoice amount shall be applied by Far West to the Pre-Petition Line of Credit, which has a balance as of 4/21/2015 of $1,995,099.78, exclusive of interest.

        ii.    If the BOM indicates material costs are <u>not</u> from Old Inventory, the material vendors identified in the BOM shall be paid by Far West as part of the disbursement.

        iii.      If the BOM shows part Old Inventory and part not Old Inventory, then the procedure set forth above shall be applied to that percentage of the invoice which the Old Inventory material cost bears to the total material costs for that invoice.

        iv.      The balance of the Advance will be disbursed to Roadmark as requested.

c.      All collections shall be paid to Far West as provided in the current Far West Credit Facility.

d.      Roadmark will provide a Schedule of Old Receivables which will consist of all Non Bonded AR as of 4/20/2015.  Collections of Old Receivables shall be applied 30% to the Pre-Petition Line of Credit and the balance shall be applied to reserves available to Roadmark on the Post-Petition Facility.

e.      Collections of Bonded Receivables dated before 4/21/15 and any amounts unrelated to Accounts Receivable (e.g. insurance proceeds) shall be applied in full to the Post-Petition Facility and be available to Roadmark.

f.      Collections on all other Receivables shall be applied 100% to the Post-Petition Facility.

g.      Interest on the pre-petition Far West Credit Facility and on the Post-Petition Facility shall be 18% per annum, accrued daily starting 4/22/2015 and payable monthly. Except for any audit fees, lock box fees and wire fees, no other costs or charges shall be due or accrued.

h.      Far West shall be due a fee of $45,000 upon payoff of the Post-Petition Facility in full.

i.      The term of the Post-Petition Facility shall be 15 months from entry of the first interim Order approving the financing.

j.      The Far West Motion for Imposition of Trust Fund shall be dismissed with prejudice upon entry of a final Order approving the financing.

7.      The Debtor seeks authority to obtain post-petition financing from Far West in accordance with the proposed order attached hereto as **Exhibit A,** secured by a lien upon all assets of the Debtor's estate, (i) excluding bankruptcy causes of action or the proceeds or recoveries thereof, (ii) junior only to valid, non-avoidable liens existing as of the Petition Date, and (iii) subject to the terms and conditions of the mutual lien and subordination agreement dated as of July 9, 2014 between PMC and Far West. Any deficiency owed on the Post-Petition Facility at maturity and

after application of all proceeds of the collateral securing the Post-Petition Facility shall be treated as a super-priority administrative expense, subject and subordinate only to the payment of the fees specified in 28 U.S.C. § 1930.

8.  An order granting interim relief, followed by a final hearing at some future date selected by the Court, would not prejudice the rights of creditors in this proceeding, and such financing is necessary to continue operations without interruption and preserve the value of the estate for creditors.

Wherefore, the Debtor prays the Court for the following relief:

1.  That a financing order in the form attached hereto as **Exhibit A** be entered by this Court after notice and hearing, authorizing the Debtor to obtain post-petition financing and cash advances on an interim pending a final hearing.

2.  That a final hearing be held regarding this motion, the interim financing order, and the Debtor's request for a final financing order, after providing such notice as is required by Rule 4001 of the Federal Rules of Bankruptcy Procedure.

3.  Such other relief as the Court may deem necessary and proper.

Date: April 30, 2015

/s/ John A. Northen

**Counsel for the Debtor:**
Northen Blue, LLP
John A. Northen, NCSB #6789
jan@nbfirm.com
Vicki L. Parrott, NCSB #25449
vlp@nbfirm.com
John Paul H. Cournoyer, NCSB #42224
jpc@nbfirm.com
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| IN RE:<br><br>ROADMARK CORPORATION,<br><br>DEBTOR | CASE NO. 15-432-5-DMW<br>CHAPTER 11 |
|---|---|
| **Certificate of Service** ||

I hereby certify that a copy of the foregoing was served by automatic electronic noticing upon the following parties this date:

| | |
|---|---|
| Marjorie K. Lynch<br>Bankruptcy Administrator | Brian D. Darer<br>Obo SunTrust Bank |
| A Lee Hogewood, III/Margaret R. Westbrook/Matthew T. Houston/Brian E. Greer<br>Obo Brite-Line Technologies, LLC | Gerald A. Jeutter, Jr./Teresa Ruiz Schober/Matthew J. Wagner<br>Obo DSCH Capital Partners, LLC |
| Kenneth M. Greene/Paul Arrow<br>Obo PMC Financial Services Group, LLC | Diane P. Furr/ James Livermon III<br>Obo TCF Equipment Finance, Inc. |
| W. Eillis Boyle/Patrick Pike/Patrick Madigan<br>Obo Guarantee Company of North America | Rayford K. Adams III/Milind K. Dongre/ Alan E. Brown/Rafael Zahralddin-Aravena/Shelly A. Kinsella/Cameron Fee<br>Obo 3M Company |
| Lisa P. Sumner<br>Obo Bluff Industrial Partners, LLC | Matthew C. Bouchard/James A. Roberts, III/Sergio I. Scuteri<br>Obo Epoplex, Div of StonCor Group, Inc. |
| Charles M. Ivey, III<br>Obo Unsecured Creditors Committee | Todd A. Jones<br>Obo Traffix Devices, Inc. |
| Kevin L. Sink<br>Obo Zachry Construction Corp | Anna Osterhout/Amos Priester<br>Obo S T Wooten Corporation |
| W. Sidney Aldridge<br>Obo FSCII, LLC aka Fred Smith Company | Kristen Decker Ogburn<br>Obo World Omni Financial a/k/a SE Toyota Financial |
| Keith E. Coltrain<br>Obo Barnhill Contracting Company | Terri L. Gardner<br>Nelson Mullins Riley & Scarborough<br>Obo Magnolia Advanced Materials, Inc. |
| George F. Sanderson III/Lauren A. Golden<br>Ellis & Winters, LLP<br>Obo Residency Road, LLC | |

DIP financing mtn 2015-04-30 v2.docx        5

Date: April 30, 2015                                       /s/ John A. Northen

**Counsel for the Debtor:**
John A. Northen, NCSB #6789
jan@nbfirm.com
Vicki L. Parrott, NCSB #25449
vlp@nbfirm.com
John Paul H. Cournoyer, NCSB #42224
jpc@nbfirm.com
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441