**SO ORDERED.**

**SIGNED this 2 day of June, 2015.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| IN RE:<br><br>ROADMARK CORPORATION,<br><br>　　DEBTOR | CASE NO. 15-00432-5-DMW<br>CHAPTER 11 |
|---|---|
| **Order Authorizing Public And Private Sales Of Equipment, Transferring Liens To Proceeds Of Sale, And Authorizing Distribution Of Net Proceeds** ||

　　This matter came before the Court after due notice and hearing on May 20, 2015 to consider the **Motion To Authorize Public And Private Sales Of Equipment, Transfer Of Liens To Proceeds Of Sale, And Distribution Of Net Proceeds** (Dkt. No. 267, the "Motion") filed by Roadmark Corporation (the "Debtor") pursuant to § 363 of the Bankruptcy Code and Rule 6004 of the Federal Rules of Bankruptcy Procedure.

　　The Bankruptcy Administrator filed a limited objection to the Motion, and after considering the matters set forth in the Motion, the comments of counsel, and for good and sufficient reasons appearing it is hereby ORDERED as follows:

　　1.　　The Debtor is authorized to sell certain surplus equipment or vehicles, more particularly described as <u>Group 1 on Exhibit A</u> attached to the Motion, in the following manner:

　　　　a.　　The Debtor may sell these items at absolute auction on or about June 30, 2015, without reserve or minimum prices.

　　　　b.　　Ritchie Bros. will conduct the sale at their facility which is located a short distance from the Debtor's place of business, and shall be compensated as set forth in the Order authorizing the employment of the Auctioneer.

      c.      The Debtor will clean and prepare the vehicles for sale, and transport the vehicles to the Ritchie Bros. site.

2. The Debtor is authorized to sell certain surplus equipment or vehicles, more particularly described as <u>Group 2 on Exhibit A</u> attached to the Motion, in the following manner:

      a.      The Debtor may sell these items at private sale over a period of ninety (90) days after entry of this order.

      b.      MRL Equipment Co. ("MRL") will list the items in Group 2 on the MRL Website, make its customers aware of the used equipment being offered by the Debtor, and assist the Debtor in marketing the items to prospective purchasers.

      c.      The sales will be negotiated by the Debtor, and MRL will not charge any commission or fee in connection with these sales.

      d.      The Debtor is authorized to sell each such item without further order of the Court, at any price acceptable to the Debtor and which is (1) at or above 85% of the FLV price shown on Exhibit A to the Motion, or (2) at a lesser price with the approval of PMC; <u>provided however</u>, the Debtor may not sell any item of equipment to an "insider" (as that term is defined in the Bankruptcy Code) without notice and hearing and approval by the Court.

      e.      The Debtor shall file monthly reports as to all private sales of such equipment no later than the 10th day of the following month, providing for each sale the name and address of the purchaser, a description of item sold, and the purchase price.

3. The Debtor is authorized and directed to distribute all net sale proceeds from the public and private sales to PMC Financial Services Group, LLC.

[end of document]